John B. Jackson, Plaintiff in Error, *v.* Joseph Sharff and Almoran Hill, Defendants in Error.

*Error to Washington.*

1. Upon an allegation in a complaint for the delivery of wheat, that "heretofore, to wit, about and previous to the first day of October, A. D. 1857;" it is not error for the court to allow evidence of the "delivery of wheat in April, 1857."

2. The rejection of testimony, cumulative in its character, and no reasonable ground existing to believe its introduction would change the verdict, is not error for which judgment should be reversed.

Before the June term, 1859, of the Circuit Court for Washington County, Sharff and Hill instituted suit against Jackson, defendant, for the recovery of damages on breach of a wheat and flour contract.

The complaint alleges that the contract was entered into, "heretofore, to wit, about and previous to the first day of October, A. D. 1857." The defendant denies the contract as stated by the plaintiffs, and alleged a different one; he also denied all indebtedness to them, and alleged, that on the 15th of March, 1858, a settlement was made between the parties, and a due bill for $50 executed by him to them for the balance due, which due bill had been since paid. The plaintiffs, in reply, denied the contract as alleged by the defendant, and admitted that the note specified by him was given, but that it was given upon a horse trade, and not in settlement, and that no settlement had taken place. Upon the trial the plaintiffs offered to prove the delivery of wheat in defendant's mill in April, 1857, which was objected to by the defendant, but allowed by the court, and excepted to. The defendant, upon the trial, after having proved that a due bill, dated March 15, 1858, for fifty dollars, executed by him to plaintiffs, had been paid, taken up, and his name torn off, offered such due bill in evidence; which was overruled by the court, and excepted

to.   The rulings of the court, and the exceptions thereto, appear in the bill of exceptions.

*Williams*, for plaintiff in error.

*Logan*, for defendants in error.

WAIT, C. J.   The only questions for the consideration of the court, are, whether the court below erred, either in allowing proof of the delivery of wheat in April, 1858, or in refusing to permit the introduction of the due bill in evidence.

The complaint, in alleging the contract to have been entered into " heretofore, to wit, about and previous to the first day of October, A. D. 1857," is singularly indefinite ; but we know of no rule of law which makes it error in a court to permit the introduction of such evidence as is pertinent to the issue, even under indefinite pleadings.

The admission of evidence of the delivery of wheat in April, 1857, that being " previous to the first day of October, A. D. 1857," cannot be regarded as error.   If a party goes to trial upon an issue, he cannot exclude evidence pertinent thereto.

In refusing to prevent the introduction of the due bill in evidence, the court, at most, but excluded evidence, cumulative in its character, to establish a fact substantively admitted in the pleadings.

If this court had reasonable grounds for believing that the admission of the evidence would have changed the verdict, then the ruling of the court below would be regarded in a different light ; but nothing appears inducing that belief.

We think that there was no error in the court below for which its judgment should be reversed.

Judgment affirmed.