## CLARK v. RALLS ET AL.

1. **Practice on Appeal:** ERROR WITHOUT PREJUDICE. Where on account of certain special findings of the jury, which could not have been the result of errors in the admission of evidence or in the instructions, the judgment appealed from could not lawfully have been different, *held* that a reversal could not be had on account of such errors.

2. **Practice:** SPECIAL INTERROGATORIES: PRIOR SUBMISSION TO ADVERSE COUNSEL. The requirement of § 2808 of the Code, that before special interrogatories shall be submitted to the jury they must be submitted to the counsel of the adverse party, does not apply to special interrogatories submitted to the jury on the court's own motion. BECK, J., dissenting.

*Appeal from Poweshiek Circuit Court.*

WEDNESDAY, MARCH 9.

THIS is an action to recover damages for alleged false and fraudulent representations as to the character of a stream of water, and its capacity for water-power, whereon was situated a mill purchased by the plaintiff from the defendants, the purchase having been made on the faith of said representations. There was a trial to a jury, and a verdict and judgment for the defendants. Plaintiff appeals.

*Caswell & Meeker*, for appellant.

*Brown & Carney*, for appellees.

ROTHROCK, J.—This is the third appeal in this case. See 50 Iowa, 275; 58 Id., 201. Upon the first submission of the present appeal an opinion was filed reversing the judgment. A petition for rehearing was presented, and a rehearing was granted, and the cause has again been argued and submitted.

It is unnecessary to set out the facts of the case,—they fully appear in the opinions on the former appeals; and we may say, further, that, in view of the investigation this court has made of the case in all these appeals and on this rehearing, we think it unnecessary to elaborate the case further

than to briefly announce our views, and the conclusion which we have reached.

The appellant claims a reversal upon rulings of the court upon the admission and exclusion of evidence, and for alleged errors in the instructions of the court to the jury. We now think that the case must be affirmed by reason of certain special findings of the jury which could not have been the result of any of the alleged errors. These special findings are as follows: "*Interrogatory.* Did Willits himself make any false and fraudulent representations to the Clarks, or either of them, in reference to the water-power of the mill?" ·Answer by the jury: " No." " *Int.* 2. Before the sale was completed, did Willits direct Ralls to negotiate for the sale, and include, in the trade with the Clarks, Willits' share of the mill property in question?" Answer by the jury: " No." "*Int.* 3. Before such directions by Willits, had Ralls, by himself, or by Howe, as his agent, made false and fraudulent representations, as alleged,. to the Clarks, or either of them, as to the capacity or permanency of the water power?" Answer by the jury: " No." " *Int.* 4. Did Ralls, by himself, or Howe, as agent, make any such false and fraudulent representation to the plaintiff or J. W. Clark, after such direction by Willits, and before the sale?" Answer by the jury: " No." " *Int.* 5. If you have answered that Ralls made no such false and fraudulent representations after such directions by Willits, if you find that Willits gave such direction, but that Ralls did make such representations before that time, when, if ever before suit was commenced, did Willits have knowledge thereof ?" Answer by the jury: " No." " *Int.* 6. By whom was the sale of Willits' share of the property to the Clarks negotiated?" Answer by the jury: " By Willits." "*Int.* 7. If you have answered that Willits negotiated his own sale, did he at the time have knowledge that Ralls, by himself, or Howe, as agent, had made false and fraudulent representations to the Clarks, or either of them, as to the capacity or permanency of the water-

1. PRACTICE on appeal: error without prejudice.

power ?" Answer by the jury: "No." "*Int.* 8. If you have answered that Ralls, by himself, or by himself and the assistance of Howe as his agent, negotiated the sale of the entire mill property, including Willits' share, did Willits at the time know of and premit such negotiations for the purpose of adopting it, if an advantageous sale should be brought about?" Answer by the jury: "No." "*Int.* 9. Did Willits adopt the sale negotiated by Ralls, or Ralls and Howe as Ralls' agent, (jury answered, ' No,') or did Willits negotiate and make his own sale?" Answer by the jury: "Yes."

The foregoing interrogatories were submitted to the jury by the court on its own motion. Appellant insists that they were improperly submitted to the jury because they were not submitted to the attorneys of the adverse party before the argument to the jury was commenced, and we are cited to section 2808 of the Code, which is as follows: "In all actions the jury, in their discretion, may render a general or special verdict; and, in any case in which they render a general verdict, they may be required by the court, and must be so required on the request of any party to the action, to find specially upon any particular questions of fact to be stated to them in writing, which questions of fact shall be submitted to the attorneys of the adverse party before the argument to the jury is commenced."

*2. PRACTICE: special interrogatories: prior submission to adverse counsel.*

We think it is apparent that the requirement to submit the questions to the attorneys of the adverse party is limited to such questions as are requested by the parties. When the court, on its own motion, submits questions of fact to the jury, they are not in the interest of either party, and there cannot be any party adverse to the questions submitted, and there is no more reason for submitting them to one party than to the other. It will be observed, from the questions and answers, that the jury found that neither Ralls nor Willits made any false representations as to the character and capacity of the stream as a water-power. The question, then, as to Willits' liability

for false representations, made by Ralls, is eliminated from the case, for the very good reason that Willits could not be held liable for Ralls' representations, unless such representations were made. The plaintiff was defeated in the very threshold of the case by the findings that no false representations were made by any one.

Now, if the court correctly instructed the jury as to what constituted actionable false representations, if there were erroneous instructions as to Willits' liability for Ralls' misrepresentations, or as to other questions in the case not relating to what constituted false representations, it is very plain that such errors were without prejudice. They could in no way influence the jury upon the question of whether any false representations were made. As to the instructions pertaining to the false representations, we deem it sufficient to say that we find no error in them. The same may said of the alleged errors in the rulings on the admission and exclusion of evidence.

It is said that the case has been five times tried to a jury. Previous to the last trial it had been twice appealed to this court. The last trial was had in the light of all that had preceded it, and our judgment is that there is nothing in the record, as now presented, requiring us to interfere with the judgment of the circuit court.

AFFIRMED.

BECK, J., dissenting.