## BRIGGS v. McEWEN.

1. **Replevin:** DEFENDANT NOT IN POSSESSION: EVIDENCE. In an action of replevin, defendant asked the court to direct a verdict for defendant on the ground that the uncontroverted evidence showed that the property was not in defendant's possession when the suit was begun; but the only evidence tending so to show was defendant's statement that in dividing his property, long after he had refused to deliver the team in question to plaintiff on demand, his son got it. *Held* that the court rightly refused to direct a verdict for defendant.

2. **Sale :** CONDITIONAL : GARNISHMENT OF VENDEE. Where a sale is made on condition that the title shall not pass until payment is made, and the property is delivered before payment, and the vendee is garnished as the debtor of the vendor, and therefore refuses to pay, there is no sale, and the garnishment is no defense to an action by the vendor to recover the property.

3. **Special Interrogatory :** SUBMISSION TO COUNSEL. Special interrogatories submitted on the court's own motion need not be submitted to the inspection of counsel. ( See *Clark v. Ralls,* 71 Iowa, 189.)

*Appeal from Harrison District Court.*—HON. C. H. LEWIS, Judge.

FILED, MAY 11, 1889.

THIS is an action to recover a certain team of horses, the plaintiff alleging that he was the absolute and unqualified owner thereof by purchase ; that the defendant wrongfully detained the same from him, claiming to have purchased the same from plaintiff. The defendant answered, denying generally, and alleging that he had purchased the team, and took possession thereof under delivery made to him by the plaintiff, and that thereafter, and before the commencement of this suit, he was garnished at the suit of S. N. Dale *v.* C. I. Briggs ; that he had answered in said garnishment suit, showing an indebtedness of three hundred and sixty-five dollars to Briggs, and that the said suit was then pending. The plaintiff in reply alleges that defendant agreed to take the team at three hundred and seventy-five dollars ; that plaintiff refused to deliver the team until purchase money was paid, and it was agreed that defendant would then pay ten dollars, and would meet plaintiff at Woodbine, and pay him the balance on the next day, plaintiff to leave the team at defendant's premises between plainiff's home and Woodbine ; that it was distinctly agreed that the team remain the property of the plaintiff until the balance of the purchase money was paid, and, if the purchase money was not paid, the team was to be returned to plaintiff on demand, defendant to have no right, title or interest in said team, nor was said purchase

to be considered consummated until such time as plaintiff received the purchase price ; that plaintiff met defendant next day, and he refused to pay, and afterwards the plaintiff tendered back the ten dollars received by him, and demanded the team, which defendant refused to deliver. The case was tried to a jury. Verdict and judgment for plaintiff. Defendant appeals, assigning as errors the refusal of the court to give certain instructions asked, and in submitting a special finding, and in overruling the motion for new trial.

The instructions asked were as follows :  "(1) The uncontroverted evidence shows that at the time this action was commenced the defendant was not in possession of the property.   You will therefore find for the defendant.   (2)  If the testimony shows that, at the time this action was commenced, the defendant did not have possession of the property, then your verdict should be for defendant.   (3)  If the property was sold on condition that it should not pass to defendant until it was fully paid for, and you further find that defendant was ready to pay, and was only prevented from doing so by the garnishment, then the law will consider the payment as made, and your verdict should be for the defendant. (4)  Where the agreement is that property is to be paid for in cash on delivery, and the property is delivered, the sale is complete ; whether the payment is made or not.   Therefore, if the testimony shows in this case that the team was to be paid for on delivery, and you find they were delivered, your verdict should be for the defendant.   (5)  Defendant sets up, by the way of plea in bar and abatement of this action, that prior to the same he was garnished for the proceeds of the property. It is shown by the record that such is the fact, and that such garnishment proceeding is now pending ; therefore your verdict should be for the defendant."

It appeared by the uncontroverted testimony that plaintiff and defendant did have an agreement for the sale of the horses in controversy by plaintiff to defendant at the price of three hundred and seventy-five

dollars; that defendant paid to plaintiff ten dollars; and that it was agreed that he would pay the balance at Woodbine on the next day, plaintiff to leave the horses at defendant's farm, where his son lived, on the next day, on his way to Woodbine, where the money was to be paid; that he did so leave the horses on the next day, and that before payment of the money the defendant was garnished as a supposed debtor of the plaintiff at the suit of one Dale, for which reason he refused to pay the plaintiff; whereupon plaintiff tendered back the ten dollars, and demanded the team, which the defendant refused to return.

*Sanford H. Cochran*, for appellant.

*H. H. Roadifer* and *Bolter & Sons*, for appellee.

GIVEN, C. J.—I.   The main question to be determined in this case was whether the sale was upon condition that title should not pass to the defendant until payment was made, or, in the language of the special interrogatory submitted to the jury:   "Was the sale of the team in controversy made on condition that cash was to be paid before title passed?"   The jury answered this special interrogatory in the · affirmative,—an answer which is fully sustained by the evidence.

II.   There was no error in refusing the instructions asked.   The only testimony tending to show that the defendant was not in possession of the team at the time the suit was commenced was his statement that, in dividing his property, between the tenth and fifteenth of May, his son got the team.   This was long after the demand for and refusal to return the team, and such mere colorable possession could not defeat the action.   The third instruction was properly refused, because, if the sale was on condition that title should not pass until full payment was made, defendant could not be garnished so as to defeat that condition.   In that case the property did not pass until payment, and until it passed there was no indebtedness.   The fourth does

1. REPLEVIN: defendant not in possession: evidence.

2. SALE: conditional: garnishment of vendee.

not state the law correctly. Where the agreement is that the property is to be paid for in cash on delivery, and the property is delivered, the sale is not complete until payment is made. The garnishment of the defendant was not a bar or defense to this action, if the sale was on the condition claimed and found, and, if not upon that condition, the plaintiff was entitled to recover; hence there was no error in refusing the fifth instruction asked.

III. The abstract fails to show that the special finding was submitted at the request of the counsel for plaintiff, or without the knowledge of the counsel for the defendant. If submitted by the court on its own motion, as we may presume from the record it was, it is not required that it be submitted to the inspection of counsel. *Clark v. Ralls*, 71 Iowa, 189. There was nothing in the special finding that tended to lead the mind of the jury from other issues, or mislead them.

3. SPECIAL interrogatory: submission to counsel.

IV. The verdict is in accordance with the law as given by the court, and fully sustained by the evidence. Finding no error in either of the respects assigned, the judgment of the district court is

AFFIRMED.