[Filed April 14, 1890.]

## ALFRED FREEKSEN, RESPONDENT, v. EPHRIAM TURNER, APPELLANT.

PLEADING—UNCERTAIN ALLEGATION—REMEDY.—Where the allegations of a complaint indicate a fact, and evidence thereof is admitted under it, an exception to its admission is not tenable although the allegations regarding the fact are vague and indefinite. The remedy of the defendant in such a case is by motion to compel the plaintiff to make the complaint more definite and certain.

APPEAL from Linn county: R. S. BOISE, judge.

The facts in the case are shown in the opinion.

*O. H. Irvine,* for Appellant.

*J. J. Whitney,* for Respondent.

PER CURIAM.—This action was brought by the respondent against the appellant to recover the value of labor performed by the respondent in summer-fallowing certain land belonging to the appellant, and was tried in the circuit court by a jury. It appears from the bill of exceptions that upon the trial thereof the respondent offered himself as a witness in his own behalf, and after testifying, in substance, that he and appellant had entered into a written agreement or lease for the leasing of appellent's farm to him for the year ending October 1, 1889, which provided, among other things, for doing the summer-fallowing in controversy, his counsel asked him: "What, if any, oral agreement or understanding was made between plaintiff and defendant on the day said written contract was executed and after the execution thereof in regard to defendant paying for said summer-fallow in case he (defendant) should sell said farm or not rent the same to plaintiff for another year?"

The appellant's counsel objected to the question upon the ground that the same was incompetent—that there were no allegations in the pleadings of any modification of any written contract of rental for the year ending October 1, 1889. The trial court overruled the objection, and the witness was allowed to testify, that on the day the written

contract was executed, and after the execution thereof, the respondent and appellant made and entered into an oral agreement or contract whereby the appellant agreed to pay the respondent for said summer-fallowing, in case appellant should sell said farm, what the same was reasonably worth. The appellant's counsel excepted to the ruling, which constitutes his only ground of error relied on in this court.

We have examined the pleadings in the case and are of the opinion that the admission of the said testimony was not error affecting the substantial rights of the appellant. The respondent alleged in his complaint that on November —, 1886, the appellant and himself entered into a written contract whereby the appellant rented and leased to respondent his land, and set out the terms and conditions of the said lease. He further alleged that after the termination of said written lease, he and appellant had a further understanding that he was to occupy and cultivate said land, put the plow land into grain, harvest the grain, put one-third in the warehouse for appellant, for the use or rent of the land; that respondent continued to so cultivate the land up to the —— day of September, 1889, and after the termination of said written lease it was understood and agreed between the parties that appellant was to pay respondent for all and any work done by him on said land with the exception of that which was necessarily done in putting in the grain, harvesting and storing it; that respondent duly performed all the conditions of said written contract or lease on his part, and thereafter duly performed all the conditions of said "oral agreement" or understanding between respondent and appellant on his part. It is evident that the respondent intended to count upon an oral agreement where there previously had been a written agreement between the parties by which the land was leased. It is true that the written agreement, to which the oral agreement claimed by respondent to have been supplemental, was alleged to have been made in November, 1886. If it were not, however, made at that

time, but made as alleged by appellant in 1888, it was only a variance, and could not have prejudiced the appellant in his defense. The complaint is not a model of good pleading. It is very loosely drawn and ambiguous; but the remedy in such cases is by motion to make the pleading more definite and certain.

The judgment appealed from will be affirmed,