Argued January 13, decided January 27, rehearing denied April 7, 1914.

## JOHNSON *v.* JENNINGS· LOGGING CO.

### (138 Pac. 236.)

**Constitutional Law—Negligence—Due Process of Law—Liability foi Accident.**

1. The provision of Laws of 1911, page 481, Section 13, authorizing the recovery of actual damages from fires which were caused or escaped accidentally or unavoidably, is unconstitutional as authorizing a taking without due process of law, in violation of the Fourteenth Amendment of the United States Constitution.

> [As to what is due process of law, see notes in 24 Am. Dec. 538; 20 Am. St. Rep. 554.]

**Negligence—Actions—Question for Jury.**

2. In an action for injuries from fire which spread from defendant's land to plaintiffs', evidence *held* to present a question for the jury whether defendant was negligent in failing to extinguish the fire on his own land.·

> [As to contributory negligence in case of fire loss, see note in 32 Am. Rep. 89.]

**Negligence—Actions—Issues and Proof.**

3. Under Section 97, L. O. L., providing that no variance between the pleadings and proofs is deemed material unless it has actually misled the adverse party, and Section 99 providing that when a material allegation is unproved, not in some particulars only, but in its entire scope and meaning, it is not a variance but a failure of proof, though a pleading alleged that a fire was kindled on defendant's land on or about August 30th, evidence that the fire started August 19th, and smoldered till August 30th, when a wind caused it to become a great flame and to spread to plaintiffs' premises, was admissible.

**Appeal and Error—Review—Harmless Error—Instructions Cured by Verdict.**

4. Error in instructing that, if fires were caused or escaped accidentally or unavoidably, civil action may lie only for the actual damages sustained, and in refusing to instruct that there could be no recovery for fire resulting accidentally or unavoidably, is cured by a special verdict finding that the fire in question was permitted to spread from defendant's land to plaintiffs' through willfulness or negligence.

From Columbia: JAMES A. EAKIN, Judge.

Department 1. Statement by MR. JUSTICE RAMSEY.

This is an action by B. L. Johnson and W. S. Dippold, partners doing business under the firm name and style of Johnson & Dippold, against the Jennings-McRae Logging Company, a corporation, to recover

damages to timber and other property, alleged to have occurred through the negligence and willfulness of the defendant. A verdict was rendered for the plaintiffs for $2,000, and a judgment was rendered in their favor for $4,000, under the statute.

AFFIRMED : REHEARING DENIED.

For appellant there was a brief over the names of *Mr. A. E. Clark, Mr. T. H. Ward, Mr. M. H. Clark* and *Messrs. Dillard & Day,* with an oral argument by *Mr. A. E. Clark.*

For respondents there was a brief over the names of *Mr. Claude M. Johns, Mr. Charles A. Johns* and *Messrs. King & Saxton,* with oral arguments by *Mr. Claude M. Johns* and *Mr. Will R. King.*

MR. JUSTICE RAMSEY delivered the opinion of the court.

This action was brought under Chapter 278 of the Laws of 1911 to recover damages to timber and other property alleged to have been caused by the willfulness and negligence of the defendant. The plaintiffs contend that they were actually damaged in the sum of $9,170, and demand a judgment for double that amount, under the terms of Section 13 of said law.

The defendant is a corporation and was engaged in cutting sawlogs upon land owned by it at the time of the alleged injury. At the time of the injury, the plaintiffs were partners, and they owned and were possessed of the northwest quarter of section 35, in township 7 north, range 5 west of the Willamette meridian, and said premises were covered with cedar and fir timber, standing and growing thereon. At the same time the defendant owned and was in possession of real property in sections 23 and 26 in township 7

70 Or.—2

north, range 5 west of the Willamette meridian, near
the said lands of the plaintiffs, and was engaged in
cutting and removing logs therefrom for the purpose
of sale, and had in its employ a considerable number
of men for that purpose.

The plaintiffs had on their said premises, belonging
to them, a donkey-engine, a shingle-mill, and a con-
siderable amount of cedar logs and other logs and
bolts to be used by them in manufacturing shingles,
and there were on the plaintiffs' premises at that time
a large amount of growing cedar and fir timber, a
barn, hay, tools, and implements of the value of $250,
etc. The plaintiffs were engaged in manufacturing
shingles, etc.

The complaint alleges, *inter alia,* in substance that
on or about the 30th day of August, 1911, the defend-
ant kindled and started a fire on its said premises, and
did thereafter, and on or about the same day, permit
said fire, so started, to escape from its own land to
and upon the lands and premises owned and in the
possession of the plaintiffs, as above described, and
did thereby willfully, carelessly, and negligently burn
and destroy any and all of the standing cedar timber
upon the plaintiffs' said premises of the value of
$3,000, and did damage the standing fir timber of the
plaintiffs in the sum of $1,000, and did thereby damage
and render unfit for use the said donkey-engine, in the
sum of $1,870, and did thereby burn and destroy any
and all of said logs that had been cut for shingles,
and did burn and destroy the said shingle-mill, barn
and hay, and that, by reason of the premises, the plain-
tiffs have been, were and are damaged in the sum of
$9,170. The complaint alleges also in substance that
the said fire, which so burned and destroyed the said
property of the plaintiffs, was the result of the will-
ful, careless and negligent acts of the defendant herein,

and that, by reason thereof, the defendant is liable to the plaintiffs in double damages therefor; said double damages amounting in the aggregate to the sum of $18,340, etc. The defendant filed an answer, admitting some of the allegations of the complaint, but denying all other allegations thereof.

On the trial, the jury found that the plaintiffs had sustained actual damages in the sum of $2,000. The jury found specially that the defendant did not willfully kindle or start a fire, as alleged in the complaint, but that it did willfully or negligently allow a fire to escape from its own land to and upon the lands of the plaintiffs, as alleged in the complaint. A judgment was entered upon the general verdict for $4,000, costs and disbursements.

The plaintiffs, before the trial began, elected to proceed under Chapter 278 of the Laws of 1911, and the defendant then presented a demurrer to the complaint, alleging that it does not state facts sufficient to constitute a cause of action under said statute, and claiming that Section 13 of said chapter is unconstitutional, etc. The demurrer was overruled.

The defendant, when the plaintiffs' evidence in chief was in, filed a motion for a judgment of nonsuit. This motion was denied. The defendant appeals, and assigns various alleged errors, and asks that the judgment of the court below be reversed.

1. We have examined the complaint carefully and find that it states a cause of action.

In the case of *Eastman* v. *Jennings Logging Co.*, 69 Or. 1 (138 Pac. 216), we held that all of Section 13, Chapter 278, Laws of 1911, is constitutional, excepting that portion thereof which provides in substance that, "if such fires were caused or escaped accidentally or unavoidably, a civil action should lie for the actual damages sustained." We hold that said clause at-

tempted to make a person liable to another for damages, when he had not violated any law and had not been guilty of any negligence, wrong, or fault whatever. Such a provision, if it were valid, would deprive a person of property without due process of law, in violation of the Fourteenth Amendment of the Constitution of the United States. We refer to the opinion in that case for a fuller statement of our reasons for holding said portion of said Section 13 unconstitutional, and for our reasons for holding that the other parts of said section are constitutional.

2. There is some evidence tending to prove that on or about August 19, 1911, a fire was started on the defendant's premises by the blowing up of a stump, and that said fire spread on the defendant's premises, but that the defendant endeavored to extinguish it but did not succeed fully in doing so. There is evidence tending to show that said fire smoldered in rotten logs on the defendant's premises until August 30th, and that at that time a strong wind arose and blew and fanned said smoldering fire into a great flame, and that this fire entered the plaintiffs' premises and destroyed or injured timber and other property of the plaintiffs. There is some evidence tending to prove that the defendant was guilty of negligence in not extinguishing the fire on its own land, and thereby preventing its extending to the plaintiffs' premises. We hold that there was enough evidence to require the case to be submitted to the jury, and that the motion for a judgment of nonsuit was properly denied.

3. We hold also that there was no error in admitting evidence of the starting of the fire on August 19th. This fire appears to have been started, as stated, *supra,* on August 19th, and to have been subdued, but not completely extinguished; and there is evidence tending to prove that this smoldering fire that was started on

August 19th continued to burn in rotten logs until August 30th, at which time a strong wind caused it to become a great flame and to escape from the defendant's premises to the plaintiffs', and there to do considerable damage. We think that there was not a fatal variance between the proof and the allegations of the complaint. The complaint alleges that the fire that did the damage was kindled and set out on or about August 30, 1911.

In 1 Elliott, Evidence, Section 197, the author says:

"As a general rule, allegations of time, place, value, and quantity or quality, when not descriptive of the identity of the action, need not be proved precisely as alleged, either at common law, or under the more liberal provisions of the modern statutes."

In *Jackson* v. *Sharff,* 1 Or. 246, which was an action for the delivery of wheat, the complaint alleged that the contract was entered into "heretofore, to wit, about and previous to the 1st day of October, 1857." The court held that it was not error to admit proof that the wheat was delivered in April, 1857.

In *Quigley* v. *McKee,* 12 Or. 22 (5 Pac. 347, 53 Am. Rep. 320), which was an action for slander, the complaint alleged that the slanderous words were spoken on July 5, 1883, and on appeal the court says:

"It is not necessary to prove that the slanderous words were spoken on the day laid in the complaint. It is sufficient to prove that they were spoken before the commencement of the action and are not barred by the statute of limitations."

See, on this point, also, *Freeksen* v. *Turner,* 19 Or. 106 (23 Pac. 857); *Stokes* v. *Brown,* 20 Or. 530 (26 Pac. 561).

In *United States* v. *Le Barron,* 71 U. S. (4 Wall.) 648 (18 L. Ed. 309), the court says:

"The rule that allegations of time, quantity, value, etc., need not be proved with precision, but that a very large departure from the time, quantity, etc., alleged is allowable, is so well understood, and is so much a matter of everyday practice, that no citation of authority to sustain it is necessary. An indictment charging a prisoner with murder on the 1st day of July would be sustained by proving a murder committed on the 15th of that month. How much more reasonable that a contract alleged to have been made on the 1st may be supported by evidence of the same contract made on the 15th of the month?"

There is a vast difference between a variance and a failure of proof. When the material allegation of the cause of action, to which proof is directed, is unproved, not in some particular or particulars only, but in its entire scope and meaning, it is not a case of variance but a failure of proof: Section 99, L. O. L. No variance between the allegations of the pleadings and the proof is deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense on the merits: Section 97, L. O. L.

We feel sure that the variance between the complaint and the proof as to the time when the fire was started was immaterial, and that the trial court did not err in admitting evidence that the fire originally started on the defendants' premises on August 19th, although the complaint alleges that it started on or about August 30th. According to the plaintiffs' proof, the fire started on August 19th, was subdued and almost extinguished, and smoldered until August 30th, and then, by the effect of a strong wind, it became a great flame and did the damage complained of.

There are several assignments of error relating to the admission of evidence. We have examined each of them, and we find that no error was committed in relation thereto.

4. The court below, in its instructions to the jury, called attention to the terms of the statute upon which this action is based, and, after stating that the statute referred to provided penalties for certain things, in its instructions said:

" * * And it [the statute] also provides that, in addition to the penalty, a private owner whose property has been injured or destroyed by fires, in violation of this act, may recover, in a civil action, double the amount of damages suffered, if the fire occurred through willfulness, malice, or negligence, but if such fires were caused or escaped accidentally or unavoidably (a) civil action may lie only for the actual damages sustained, as determined by the value of the property injured or destroyed."

The court below refused to give the following charge, requested by the defendant:

"The court instructs the jury that an accident may happen and damages result therefrom without any negligence on the part of anyone concerned therein, and, if you believe from the evidence that the fire in this case, which destroyed the property of the plaintiffs, resulted accidentally or unavoidably, your verdict should be for the defendant."

We held in *Eastman* v. *Jennings Logging Co.*, 69 Or. 1 (138 Pac. 216), that that portion of Section 13 of Chapter 278 of the Laws of 1911 which attempts to authorize a recovery of actual damages done by fire, where the fire was caused or escaped accidentally or unavoidably, is unconstitutional and void. Hence that portion of the trial court's instruction set out, *supra*, is erroneous, and the court should have given the charge requested by the defendant and set out, *supra*. The refusal to give said charge is reversible error, unless the error thereof was cured by the special findings of the jury.

The defendant was not liable to the plaintiffs for damages done by the fire if it was caused or escaped accidentally or unavoidably. The defendant was liable for the damages to the property of the plaintiffs, if the proximate cause thereof was the malice, willfulness or negligence of the defendant, and not otherwise.

The trial court submitted to the jury, for special findings, in substance the two following questions: (1) State whether or not the defendant willfully or negligently kindled or started a fire as alleged in the complaint. (2) Whether the defendant willfully or negligently allowed a fire to escape from its own land and upon the lands of the plaintiffs. The jury answered the first question in the negative and the latter in the affirmative.

The jury found, then, that the defendant was not guilty of willfulness or negligence in kindling or starting the fire, but that it was guilty of willfulness or negligence in allowing the fire to escape from its own land to and upon the plaintiffs' lands. The latter finding establishes the fact that the fire escaped from the defendants' premises to and upon the plaintiffs' premises through the willfulness or negligence of the defendant, and shows that the jury, in finding their general verdict, based it on the willfulness or negligence of the defendant. It shows that, in the judgment of the jury, the fire did not escape from the defendant's land to the plaintiffs' premises "accidentally or unavoidably." This special finding that the fire escaped through the negligence or willfulness of the defendant shows that the jury found that the damage was caused by the negligence or willfulness of the defendant, and not "accidentally or unavoidably," and it cures the error of the court in giving the charge that was given as stated, *supra,* and in refusing to give the charge requested by the defendant and set out, *supra.*

Clementson, in his work on Special Verdicts, page 95, says:

"Errors in giving or refusing instructions may be cured by the jury's findings without which the effect of the court's action would not be known and would be presumptively prejudicial. Judgments will not be reversed, notwithstanding an erroneous instruction, if from the jury's findings it affirmatively appears that the verdict was not reached upon the facts to which the instructions applied, or that the instruction was without influence. So, if the answers show that correct instructions which were refused could not have changed the verdict, the error is harmless."

In *Worley* v. *Moore*, 97 Ind. 21, the court says:

"In the case before us, however, it affirmatively appears that the jury were not misled or influenced by the objectionable part of the instruction. To an interrogatory as to how the mistake in the amount of appellees' indebtedness occurred, they (the jury) answered that it was by a mistake in the computation of the interest upon the notes and accounts. A judgment will not be reversed upon an erroneous instruction, when it thus appears that the jury was not influenced by it."

In *Davis* v. *Guarnieri*, 45 Ohio St. 491 (15 N. E. 361, 4 Am. St. Rep. 548), the court says:

"The finding of this special verdict renders immaterial such portions of the charge to the jury as were not calculated to induce the particular finding upon the subject involved in the instruction."

In *Marcott* v. *Marq. H. & O. R. R.*, 49 Mich. 103 (13 N. W. 376), Justice COOLEY says.

"A similar charge was given in respect to the want of air-brakes on the train; but, as the jury, expressly found that the accident was not attributable to the want of air-brakes, all that the judge said on that subject became immaterial."

In *Keairnes* v. *Durst,* 110 Iowa, 121 (81 N. W. 240), the court says:

"The jury was charged that the burden was on the defendant to prove by a preponderance of the evidence the setoff pleaded in the answer, and that, if he had failed to do so, the findings should be for the plaintiff. The defendant justly complains of this, for the reason that the setoff consisted of judgments which were admitted, and of which proof was not required, but the error was without prejudice, as the jury found specially that the judgments had been paid, and that necessarily included a finding that they had existed."

See, also, to the same effect, *Clark* v. *Ralls,* 71 Iowa, 189 (32 N. W. 327); *Walker* v. *Wickens,* 49 Kan. 42; *Daly* v. *City of Milwaukee,* 103 Wis. 588 (79 N. W. 752).

It is clear, upon both authority and reason, that when the court gives an erroneous charge or refuses to give a correct one, on a state of facts in the case, and the jury returns a special finding that shows that the facts on which the court charged, or refused to charge, had no existence, the special finding of the jury cures or renders harmless the error of the court. We hold that the error of the court in giving the charge above set out, and in refusing to give the instruction requested, as stated, *supra,* was rendered harmless by the special finding of the jury.

We have examined the instructions given to the jury carefully, and also the charges requested by the defendant and refused by the court, and we find that, with the exceptions above specified, the instructions given, taken and construed as a whole, were fair to the defendant and submitted the case to the jury properly. The points covered by the charges requested by the defendant, with the exception noted, *supra,* were substantially covered by the instructions given. When

the instructions were given, Mr. Dillard, attorney for the defendant, said to the court, *inter alia:*

"We recognize the fact that your honor's instructions were, we think, liberal and fair generally; but there were one or two conditions under which you said the verdict should be given for the plaintiffs that we are unable to make out at the present time, and we would like it in that general form on the ground that it is not the law."

We find no reversible error in the record, and the judgment of the court below is affirmed.

AFFIRMED: REHEARING DENIED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BURNETT concur.

