Argued February 24; affirmed March 24, 1931.

## MITCHELL *v.* CURTIS ET AL.
### (296 P. 1078)

*Hy Samuels,* of Portland (C. W. Robison, of Portland, on the brief) for appellants.

*George P. Winslow,* of Tillamook (Botts & Winslow, of Tillamook, on the brief) for respondent.

RAND, J. This is an action to recover damages for a tort. It was alleged in the complaint that plaintiff was a licensed fisherman and was licensed and authorized to operate three set-nets in Tillamook Bay; that, while so licensed and so operating said three set-nets, the "defendants, acting together, wrongfully, wilfully and maliciously drove certain power boats operated by them upon, over and against said set-nets

of plaintiff and tore and damaged the same, * * * and thereby interfered with plaintiff's lawful fishing operations and prevented plaintiff from catching fish in his said nets," to plaintiff's damage "in the sum of one thousand ($1,000) dollars," for which plaintiff demanded judgment for $1,000 as actual damages and $3,000 as punitive damages.

Defendants filed a joint answer to the complaint in which they denied all the allegations of the complaint and alleged as an affirmative defense that at the time and place alleged in the complaint plaintiff was violating the fish laws of the state in that he had his nets stretched completely across the ship channel, contrary to statute. Whether this so-called affirmative defense was demurred against or replied to, the record fails to show but in any event the case was treated as if at issue and no question is raised here in respect thereto. The cause was heard in the court below by the court and jury and plaintiff had verdict and judgment against all the defendants for $1,000, and defendants have appealed.

It is contended here that there was a variance between the allegations of the complaint and the evidence. The variance contended for grows out of the fact that the complaint alleges that the nets damaged consisted of three set-nets, while the evidence showed a damage to six nets and no amendment was made to the complaint. Hence, under the evidence, if the words "three set-nets" as used in the complaint and in the evidence means three nets, or, in other words, if the word "set-net" and the word "net" are used interchangeably and mean the same thing, then there was a material variance between the allegations and proof, for plaintiff could not sue for damages to three nets and, without amending his complaint, establish and

recover damages to six nets. The leading case upon this question in this state is *Eastman v. Jennings-McRae Logging Co.,* 69 Or. 1 (138 P. 216, Ann. Cas. 1916A, 185), in which the decision was written by Mr. Justice Ramsey and is so exhaustive that nothing further need be said.

■ The evidence in respect to the meaning of the words is not as definite and clear as it ought to be, but there was evidence tending to show that these two terms, as used by men engaged in the business of fishing, are not interchangeable and do not mean the same thing. In fishing parlance, it appears from the evidence, a set-net means several nets fastened together and, when so fastened together, they constitute a set-net, and this seems to be the meaning in which the words were used in the pleadings and evidence. One of the definitions of the word "net," as given by the Standard Dictionary, is: "An open fabric of twine or any siutable material, woven or tied with meshes of any size, designed and used for the capture, etc." The same authority gives as one of the definitions of "set-net": "Any net that is or may be set in a desired position, as a fyke," and defines the word "fyke" as "a fish-trap consisting of several successive conical nets with wide-stretched mouths." Hence, under the evidence and in accordance with the definitions referred to, a set-net may consist of several nets fastened together, and, if that is so, the terms are not used interchangeably and do not of necessity mean the same thing. For that reason, there was no variance between the pleadings and the proof in the instant case.

■ This also disposes of the other objection urged here but not pleaded in the answer, namely: that plaintiff was a wrongdoer because operating more than three nets and having a license to operate three set-nets, as

the whole evidence shows that he was operating but three set-nets. But even so, if he had had no license at all to operate any set-net, it would not have made him an outlaw and defendants would still be answerable to him for the damages resulting from the commission of the acts complained of in the complaint.

Finding no error, the judgment appealed from is affirmed.

BEAN, C. J., ROSSMAN and KELLY, JJ., concur.