[Filed January 5, 1885.]

## QUIGLEY *v.* McKEE.

SLANDER—TIME.—In an action of slander it is not necessary to prove that the slanderous words were spoken on the day alleged in the complaint. It is sufficient to prove that they were spoken at any time before the commencement of the action, and are not barred by the Statute of Limitations.

ID. — ACTIONABLE WORDS. — When the court can see, without the aid of a jury, that the actionable words must prove injurious, they will be actionable *per se ;* and the plaintiff in such case will be entitled to at least nominal damages.

MULTNOMAH COUNTY.    Plaintiff appeals.    Reversed.

Slander for an alleged false and malicious utterance and publication concerning appellant of the words " she is a thief." The words were alleged in the complaint to have been spoken on the 5th day of July, 1883, and the court refused to permit evidence to be given that they were spoken at any time other than as alleged.    This is alleged as error.

*A. Lenhart,* for Appellant.

*James Gleason,* for Respondent.

WALDO, C. J.—This is an action of slander, for calling the plaintiff a thief. The obvious import of this language was to impute to the plaintiff the felonious taking of property, or larceny (*Dunnell* v. *Fiske*, 11 Met. 554), and the words are actionable though the defendant meant but to impute petit larceny; for "to accuse one of petit larceny will bear action, and for that the offender shall be whipped." (*Whitacre* v. *Hillidell*, Aleyn, 11.) This is still good law, though the offender be no longer whipped. The material element which lies at the foundation of the action of slander is social disgrace, or damages to character in the opinion of other men. (*Sheffill* v. *Van Deusen*, 13 Gray, 304, 1 Am. Lead. Cas. 5th ed. 113.) The observations in *Harrison* v. *Thornborough*, Gilb. Cas. 117, rest on this principle: "Parker, C. J.," runs the report, "remembered a saying of Treby, C. J., that people should not be discouraged that put their trust in the law; for if men could not have a remedy at law for such slanders, they would be apt to carve it for themselves, which would let in all the ill consequences of private revenge." (*Naben* v. *Miecock*, Skin. 183.) Now, "if people would gratify the passion of revenge outside of the law, if the law did not help them, the law has no choice but to satisfy the craving itself, and thus avoid the greater evil of private retribution." (Holmes Com. Law, 41, 42.)

In *Krebs* v. *Oliver*, 12 Gray, 239, it was held actionable to impute a crime, although the party had, as alleged, suffered the penalty of the law, or was no longer exposed to the danger of punishment. Bigelow, J., cited, with other cases, *Boston* v. *Tatam*, Cro. Jac. 623, where it was said: "And it is a great slander to be once a thief, for although a pardon may discharge him of the punishment, yet the scandal of the offense remains; for *pœna potest redimi; culpa perennis erit.*" In *Jones* v. *Herne*, 2 Wils. 87, Willes, C. J., said that if it were now *res integra*, he should hold calling a man a rogue or a woman a whore, in public company, were actionable. But if this were so, it should seem, according to the formative principles of the common law, that all other words uttered in public company that "sound in great discredit cf the plaintiff," or cast a stain on his character,

should in like manner be actionable. A practical standard must be fixed, and a limit necessarily arbitrary be put, somewhere to these actions, else there were cause for the fears of Chief Justice Vaughn in *King* v. *Lake*, 2 Vent. 28, that "the growth of these actions would spoil all communications."

The rule in Massachusetts seems to be that words generally are actionable in themselves when they impute an offense to which the law attaches a disgraceful or infamous punishment, or impute a punishable offense of a disgraceful or infamous character. (*Miller* v. *Parish*, 8 Pick. 384; *Brown* v. *Nickerson*, 5 Gray, 1; *Kenney* v. *McLaughlin*, 5 Gray, 5; *Krebs* v. *Oliver*, 12 Gray, 239; *Buckley* v. *O'Neil*, 113 Mass. 193; *Pollard* v. *Lyon*, 91 U. S. 232, 233; *Onslow* v. *Horne*, 3 Wils. 177; 1 Am. Lead. Cas. 98.)

It is said that malice is an essential ingredient in slander. There is a singular and practical illustration of this principle in *Brook* v. *Montague*, Cro. Jac. 91, where Coke, arguing at the bar, cited a case where a parson in a sermon "recited a story out of Fox's Martyrology, that one Greenwood, being a perjured person and a great persecutor, had great plagues inflicted upon him, and was killed by the hand of God, whereas, in truth, he never was so plagued, and was himself present at that sermon." Greenwood thereupon brought an action against the parson, "but Wray, C. J., delivered the law to the jury that it being but as a story, and not with any malice or intention to slander any, he was not guilty of the words maliciously, and so was found not guilty." It is doubtful if malice would now be taken so literally to be the gist of the slander. (Add. Torts, §§ 40, 1090; Holmes Com. Law, 138; 16 Am. Law Rev. 318.)

When we come to slander affecting a man in his employment or trade, the ground of the action is different. Here, injury to livelihood, through the instrumentality of injury to character, is the sole object to which the attention of the law is directed. "The law is very tender of people's employments and professions." (*Gyles* v. *Bishop*, 1 Freem. 279.) Where the court can see without the aid of a jury that the slanderous words must prove injurious, they will be actionable within

themselves. The plaintiff in such case will be entitled at least to nominal damages. (*Webb* v. *Portland Manuf. Co.* 3 Sum. 192.)

It is not necessary to prove that the slanderous words were spoken on the day laid in the complaint. It is sufficient to prove that they were spoken before the commencement of the action, and are not barred by the Statute of Limitations. (*Potter* v. *Thompson*, 22 Barb. 87.)

Judgment reversed.

* [Filed February 13, 1885.]