Argued June 5; affirmed June 16, 1931.

## ·STEVENS *v.* WILBER
### (300 P. 329)

*B. G. Skulason,* of Portland, for appellant.

*Henry S. Westbrook,* of Portland, for respondent.

CAMPBELL, J. The plaintiff, a beauty shop operator, brought this action against the defendant for damages for an alleged slander, setting forth two causes of action in the first of which she asked for both general and special damages. The second cause is for an alleged trespass.

In her first cause of action, plaintiff alleges that defendant, in her shop and in the presence of other parties, published and declared of and to the plaintiff that she was a "dirty, low-down bootlegger," meaning that plaintiff was engaged in the traffic and illicit sale of intoxicating liquors. At the same time and place defendant used to and of the plaintiff the following words, "You are low—you are lower than the belly of a snake that crawls upon the grass; I know what you are; I can prove what you are;" meaning thereby that the plaintiff was a woman without principle or character, and was immoral and unchaste. Plaintiff then alleges that she sustained special damages and lost in her income and earnings from her business the sum of $1,500, and suffered general damages in the sum of $25,000. For a second cause of action, plaintiff alleges that at the same time and place the defendant violently and boisterously trespassed upon her premises and in the presence of her customers assaulted a man by the name of White, further damaging plaintiff in the sum of $500. She alleges that said acts were wilful, malicious and unlawful, and asks for punitive damages in the sum of $2,500.

The defendant answered and admitted that, at the time and place and in the presence of the parties alleged in the complaint, he referred to the plaintiff as being "a dirty, low-down bootlegger;" that the statement was true; that the other language he also used at the same

time and place, and in the presence of the same people, but it had reference to another party, not to plaintiff, but to a man by the name of Mr. White.

On these issues the case was tried to a jury who returned a verdict in favor of the plaintiff in the sum of $1,231.75. There was also a special verdict submitted to and returned by the jury.

"1. What sum, if any, do you allow for special damages as part of your general verdict?"

"A. $313."

"2. What sum, if any, do you allow in your general verdict as punitive damages?"

"A. One dollar."

"3. To whom were the words about being 'lower than a snake' addressed, to the plaintiff or to John White?"

"A. Plaintiff, Orlea Stevens."

Judgment was entered and defendant appeals. There are three assignments of error:

■ This assignment of error is predicated on the refusal of the court to grant an involuntary non-suit, or direct a verdict in favor of the defendant, which motions were made seasonably, the grounds for both being that plaintiff has failed to make a case, in this, that the words set forth in the complaint are not actionable per se, and, no special damages having been proven, no verdict can be entered against defendant.

■■ The real question submitted by this appeal is whether the words spoken are actionable per se. There are words that are uniformly held to be actionable in themselves; among these are "words which impute a charge, which if true, will subject the party charged to an indictment for a crime involving moral turpitude, or

subject him to an infamous punishment." Under the laws relating to the sale or gift of intoxicating liquor in the state of Oregon, the punishment may be either confinement in the penitentiary or imprisonment in the county jail, according to the particular circumstances of each case. Punishment by confinement in the penitentiary is without question infamous, and it is also infamous (shameful; disgraceful: Webster) to a woman to be imprisoned in the county jail. The term "bootlegger," when used as alleged in the complaint, is no longer susceptible of more than one meaning. It has passed into and become a part of our common language. Webster defines it as "one who carries about and sells intoxicating liquor in places where it is prohibited." It denotes to the ordinary person one engaged in the unlawful disposition of intoxicating liquor as a business.

"Thus it has been held that to say of one that he is the greatest 'rum seller' in town, taking the words in their natural and ordinary signification, either imputes a criminal charge ex vi termini, or is susceptible of that construction and so is actionable per se in a state where statewide prohibition exists and the act in question is made a crime. So, also, to charge one with running a 'blind tiger' where the sale of liquor is a criminal offense, is actionable per se": 17 R. C. L., section 20, p. 279; *Davis v. Starret,* 97 Me. 568 (55 Atl. 516); *Cheatham v. Patterson,* 125 Tenn. 437 (145 S. W. 159, Ann. Cas. 1913C, 316).

"The material element which lies at the foundation of the action of slander is social disgrace or damages to character in the opinion of other men": *Quigley v. McKee,* 12 Or. 22 (5 P. 347, 53 Am. Rep. 320).

 The punishment that may follow the offense charged in the slanderous words is not the sole criterion as to whether the words used are or are not actionable per se. There are cases holding that to charge one with

"offenses against the liquor laws, such as illegal sale, or keeping liquor in possession with the intent to dispose of it unlawfully, are statutory crimes and that there is no inherent immorality in such acts and their illegality lies only in the fact of their being positively prohibited." A careful analysis of the cases so holding will show that they were decided either prior to the adoption of the 18th amendment of the United States Constitution or followed cases that were so decided. Actions that might have been considered as not lacking moral turpitude, or punishment that might not have been thought infamous twenty-five years ago, may, by the change of public sentiment and general moral standards, be considered "shameful and disgraceful" under conditions as they exist at present. Since the people of this country have seen fit to outlaw the business connected with the sale and manufacture of intoxicating liquor for beverage purposes, it would seem that words which impute to one the character of being an "outlaw" should be considered as actionable per se. So that the words used by defendant towards plaintiff when taken in connection with his reference to being "lower than the belly of a snake" would be such. While defendant claims that his reference to a snake was not intended to apply to the plaintiff, the jury found against him in that respect, and we are bound by the findings of the jury. He frankly admits that by the words used about the snake he meant and intended to convey "about the lowest thing that you can think of. About as low as anything that I would think of, yes."

■■ ■ This assignment of error is predicated on the submission of the question of special damages to the jury. The defendant claims that the pleadings are insufficient to permit proof of special damages. The

complaint alleges that the plaintiff "as a direct and proximate result has suffered and sustained special damages and has lost in her income and earnings from her said business the sum of $1,500." In the absence of a motion to make more definite and certain, it would seem that this allegation is sufficient after verdict. The testimony in support of this allegation was admitted over the general objection "that it is not the way to prove special damages." This evidence was admissible under the above allegation. The jury had a right to take into consideration the element of the lessened receipts of the business following the utterance of the slanderous words. Cross-examination or other testimony might develop the fact that there were other reasons for the diminished returns shown by the testimony.

■ This assignment of error is predicated upon the court's instructions covering "the accusation of selling or giving away of intoxicating liquor contrary to the state and national prohibition laws being actionable per se," and is disposed of by our discussion of assignment of error 1.

Finding no error, it follows that the judgment is affirmed.