## EDGAR HAMMOND V. THE STATE.

No. 20770. Delivered January 24, 1940.
Rehearing Denied March 27, 1940.

The opinion states the case.

*Penn J. Jackson,* of Cleburne, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The first count of the complaint and information charged, in substance, that on the 29th of November, 1938, appellant possessed whisky and beer in a dry area for the purpose of sale; the second count charged that on the 27th day of May, 1939, appellant possessed whisky and beer in a dry area for the purpose of sale. Both counts were submitted to the jury, who returned a verdict finding appellant guilty as charged in the first count and also a verdict finding him guilty as charged in the second count. As to the first count, the jury assessed the punishment at a fine of $100, while as to the second count the punishment was assessed at ninety days' confinement in jail.

The evidence is deemed sufficient to support the judgment of conviction.

It appears from bill of exception No. 1 that during the progress of the search of the home of appellant's father appellant entered the room where the officers had discovered the liquor and stated to them that they were "getting into his supplies." Appellant objected to the testimony of the officers concerning the statement he made to them on the ground that he was under arrest and that the provisions of Art. 727, C. C. P., had not been complied with. As qualified, the bill of exception shows that appellant had not been arrested and that he had not been sent for, but entered the room voluntarily and made the declaration in question. Moreover, it appears that appellant's statement was res gestae. The bill of exception fails to reflect error.

It is shown in bill of exception No. 2 that in his argument to the jury the county attorney referred to appellant as "a

wise bootlegger." It is shown in the bill that the court instructed the jury to disregard such argument. Further, it is shown that the county attorney was referring to the evidence adduced upon the trial when he charged appellant with being a bootlegger. When we look to the evidence it is observed that it was shown that appellant did not drink intoxicating liquor. Nevertheless, a large quantity of whisky and beer was shown circumstantially to be in his possession. We are unable to reach the conclusion that under the circumstances shown in the bill of exception the argument should work a reversal of the judgment.

It appears from bill of exception No. 3 that Joe Taff, a witness for the State, testified that a few days after the officers had recovered a quantity of liquor from the home of appellant's father appellant stated to the witness "that it was all his stuff and that none of it was his dad's." In his argument to the jury the county attorney used language as follows: "In his statement to Mr. Taff, the defendant said that was all his stuff. If that statement did not include the liquor, it was up to him to make the explanation." Appellant objected to the remarks of the counsel for the State on the ground that they constituted a reference and an allusion to his failure to testify. The bill certifies that appellant did not testify, but fails to show, as required by the rules, that no other person could have denied that appellant possessed the liquor. The bill is insufficient. In any event, we are of opinion that the argument had reference to the failure of appellant to explain to Mr. Taff that the liquor found in the home of his father did not belong to him (appellant). In short, the argument is not regarded by us as one whose necessary effect was a reference to appellant's failure to testify. See Weatherred v. State, 89 S. W. (2d) 212.

Failing to find reversible error, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In his motion for rehearing appellant insists that when the County Attorney said to the jury in his argument "The defendant is a bootlegger and a wise one, the evidence showed

that the defendant is a bootlegger and that is what we are trying him for," it was an improper and prejudicial argument for which the judgment should be reversed notwithstanding the trial court instructed the jury to disregard said argument. Appellant urges that by the complained of statement the County Attorney gave the jury unsworn information that appellant was adroit in the business of selling or peddling intoxicating liquor. He bases such contention on what was said in McMullen v. State, 98 Tex. Cr. R., 229, 265 S. W. 582, to the effect that in "Other jurisdictions it has been said that he (a bootlegger) is one who commonly sells or peddles intoxicating liquor, and such we think to be the generally accepted understanding of the term." The definition of a bootlegger as indicated above is one of the statutory definitions of such person by the Legislature of Iowa, but even their statute is broader than indicated. See State v. Vanderpool, 195 Iowa 43. We think to the person of ordinary understanding the term "bootlegger" in this day and time denotes one who engages in the illegal sale or handling of intoxicating liquor in territory where its sale is prohibited, and is not restricted to one who peddles it. In Commonwealth v. Cicere, 282 Pa. 492, 128 A. 446, the court said that the term "bootlegging" implies a "popular designation for the use, possession or transportation of intoxicating liquor in violation of the law." In Kammerer v. Sachs, 227 N. Y. S. 641, it is said: "The term 'bootlegger' definitely denotes in the public mind a person who violates the laws against the sale of liquor." In Stevens v. Wilber, 136 Ore. 599, 300 p. 329, after referring to Mr. Webster's definition of a bootlegger, the court said: "It denotes to the ordinary person one engaged in the unlawful disposition of intoxicating liquor as a business."

Referring to the statement of facts in the present case we observe that the liquor found in the attic consisted of 48 pints of whisky and six cases of beer. Appellant asked one of the officers "who tipped me off," and the officer replied, "I wouldn't want to tell." Appellant then said to the officer, "Let me get that little crippled boy and let him take the fall," thereby indicating that if the officer would permit it appellant would shift the guilt to some "crippled" boy.

Under the circumstances in evidence we fail to perceive error in the argument complained of.

The motion for rehearing is overruled.