31579. GARRETT *v.* THE STATE.

Decided September 3, 1947.

578

*Williamson & Crowe,* for plaintiff in error.
*Joe L. Houston, Solicitor,* contra.

MacIntyre, P. J. Ed Garrett was indicted for the offense of selling whisky. The jury returned a verdict of guilty, and the defendant made a motion for new trial based on the general and two special grounds. This motion was overruled on each and every ground, and the defendant excepted.

In his concluding argument to the jury, the solicitor made the following remarks: "These bootleggers know the automobiles driven by the alcohol tax agents as well as they know the car of the sheriff here. Ed Garrett knew these cars, and if the agent had used his car in going to Garrett's home, Garrett would have recognized it. All these bootleggers knew their cars—Hudson [Sheriff of Worth County] couldn't catch him selling whisky because Garrett wouldn't sell to Hudson. Garrett knew their cars too well." The defendant moved the court to direct the solicitor to refrain from referring to the defendant as a "bootlegger." The court replied, "Go ahead with the argument, Mr. Houston [solicitor]." The defendant then made a motion for mistrial which was overruled, and later requested the court in writing to instruct the jury in his general charge to disregard the remarks.

The solicitor continued his argument and made the following remarks: "Yes, gentlemen of the jury, I said all these bootleggers knew the cars of these officers, and further than that, he is out there operating a black market in whisky, charging folks outrageous prices far beyond O. P. A. ceiling price." At this point the defendant made another motion for mistrial. The trial judge replied: "The jury will recall what the evidence is and will get the evidence from the witness stand and not from anything counsel says here. I overrule the motion."

The solicitor then stated to the jury: "Gentlemen of the jury, I said he was selling above the ceiling price. I think anybody knows that $4.50 for a pint of Old Thompson is above the ceiling, and . ." The defendant again moved for a mistrial, and the motion was overruled.

It is insisted by the defendant that the court erred in declining to declare a mistrial in each of the three instances shown above. We shall consider first the remarks of the solicitor in which he

stated: "These bootleggers know the automobiles driven by the alcohol tax agents. . . All these bootleggers knew their cars."

■ As stated in *Jones* v. *State*, 166 *Ga.* 251 (142 S. E. 866), "No proposition is better established in our practice than that counsel can not introduce new facts in argument not brought out in the evidence." "Anything not legitimately arising out of the trial of the case, which tends to destroy the impartiality of the juror, should be discountenanced. Whether beneficial to the State or to the accused, such things, upon the ground of irrelevancy, should be suppressed and not given the opportunity of influencing the minds or exciting the passions of the jurors. Verdicts should be the result of calm deliberation, founded upon the law and evidence. The accomplishment of that object can never be assured where irrelevant things which tend to destroy the impartiality of the jurors are allowed to creep into the trial." *Styles* v. *State,* 129 *Ga.* 425, 429 (59 S. E. 249, 12 Ann. Cas. 176).

In *Owens* v. *State,* 120 *Ga.* 209 (3) (47 S. E. 545), it is said: "While counsel should not be permitted in argument to state facts which are not in evidence, it is permissible to draw deductions from the evidence; and the fact that the deductions may be illogical, unreasonable, or even absurd, is matter for reply by adverse counsel, and not for rebuke by the court." See, in this connection, *Hunt* v. *State,* 64 *Ga. App.* 324 (13 S. E. 2d, 121); *Cammons* v. *State,* 59 *Ga. App.* 759 (2 S. E. 2d, 205).

Generally, a statement by the prosecuting attorney in his argument, expressive of his opinion of the defendant's guilt, should be construed to mean that the testimony led him to this conclusion. "What the law condemns is the injection into the argument of extrinsic and prejudicial matters which have no basis in the evidence." *Floyd* v. *State,* 143 *Ga.* 286, 289 (84 S. E. 971); *Mitchell* v. *State,* 38 *Ga. App.* 360 (2) (144 S. E. 15).

In the instant case, the evidence shows that H. J. Hill, an agent of the State Revenue Department, went to the home of the defendant when he was away on a Saturday and purchased from the defendant's wife one pint of whisky labeled Old Thompson. On the next day, Sunday, Hill returned to the home of the defendant and again asked to buy a pint of whisky. Hill testified: "On Sunday I came up here and went out to Ed Garrett's. I drove up and shook hands with him and told him I wanted a pint of whisky,

and he asked me what kind I wanted, and I asked him what kind he had, and he said he had Old Thompson and P. M. Then I told him—I said, 'I want a pint of Old Thompson,' and he went back in the house and came back with a pint of Old Thompson in a sack, and he asked me again if I wanted Old Thompson or P. M., and he began to talk about what good whisky P. M. was, and I told him I would still rather have the Old Thompson. I paid him $4.50 for that whisky."

In Hammond v. State, 138 Tex. Crim. R. 641 (137 S. W. 2d, 1025), it is said: "The term 'bootlegger' denotes one who engages in the illegal sale or handling of intoxicating liquor in territory where its sale is prohibited; and is not restricted to one who peddles it."

We think that it was permissible for the solicitor to deduce from the evidence and argue to the jury that the defendant was engaging in the illegal sale or handling of intoxicating liquor in a dry county in Georgia, and that the testimony led him to the conclusion that the defendant was a bootlegger. Hence, we think that the solicitor did not inject into his argument to the jury extrinsic and prejudicial matter which had no basis in the evidence. The trial judge did not err in refusing to grant a mistrial because of such inferences drawn by the solicitor, for the reason that these inferences were properly sustained by the evidence. *Pullen* v. *State,* 30 *Ga. App.* 24 (116 S. E. 871). See, in this connection, *Cammons* v. *State,* supra; *Smith* v. *State,* 74 *Ga. App.* 777, 788 (41 S. E. 2d, 541).

2. We are of the opinion that the remarks of the solicitor, to the effect that the defendant was operating a black market in whisky were clearly improper. There was no evidence in the case which authorized any such inference or conclusion. The mere fact that the defendant sold two pints of Old Thompson whisky on separate days for $4.50 a pint does not authorize an inference or conclusion that the defendant was engaged in a black market. See, in this connection, Wilson v. State (Tex. Crim. App.), 184 S. W. 2d, 838 (3), wherein it is said: "In prosecution for aggravated assault by negligently driving automobile, evidence that defendant, though having only an 'A' gasoline ration card, was engaged in transportation of soldiers from town to a fort, thereby implying that defendant was patron of black market on gasoline,

was erroneously admitted and it was error to question defendant respecting matter."

In his argument the solicitor stated: "He [defendant] is out there operating a black market in whisky, charging folks outrageous prices far beyond O. P. A. ceiling price." Counsel for the accused moved the court to declare a mistrial, which motion was overruled, and made a written request to the judge to instruct the jury in his general charge to disregard such remarks of the solicitor, which request was refused.

We think that the statement of the solicitor was going outside the facts appearing in the case and the inferences to be deduced therefrom, and bringing in extraneous matters as if they were a part of the case. As stated above, "what the law condemns is the injection into the argument of extrinsic and prejudicial matters which have no basis in the evidence." *Floyd* v. *State,* supra.

Since the court adopted neither of these, or other, corrective measures, we think that it committed reversible error (*Brooks* v. *State,* 183 *Ga.* 466, 188 S. E. 711, 108 A. L. R. 752); and a new trial must be granted.

*Judgment reversed. Gardner and Townsend, JJ., concur.*