# PINGLETON v. STATE.

No. A-11835. Nov. 3, 1953.

(262 P. 2d 911.)

James F. Hanger, Anadarko, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. Counsel for the accused said in their brief that this is the most confused case he has ever seen. The Attorney General agrees and has confessed error.

Richard Earl Pingleton was charged in three cases in the county court of Caddo county. In case No. 8099, he was charged with driving an automobile on a public highway west of the town of Anadarko while under the influence of intoxicating liquor on June 19, 1951; in case No. 8148, he was charged with resisting arrest on August 9, 1951, and in case No. 8149, he was charged with driving an automobile on a public street while under the influence of intoxicants in Anadarko on August 9, 1951.

At the time the accused was arrested and charged with these various offenses he employed counsel to represent him. Subsequently, this counsel was appointed assistant county attorney. In January, 1952, a series of maneuvers pertaining to the cases against the accused were commenced and various orders were made. The cases were first set for trial in January and then continued for the term. Later, and during this same term, they were again assigned for trial. Counsel moved for a continuance which was denied. The county attorney and counsel for the defendant (who was then the assistant county attorney) agreed to try case No. 8148 first. When this agreement was called to the attention of the trial court he refused to permit case 8148 to be tried first, but insisted that the cases be tried in their numerical order as they appeared on the docket, and he ordered the trial to proceed in case No. 8099, which involved the alleged driving while drunk on the highway west of town. However, instead of putting on the proof in connection with that case the county attorney put on proof in case No. 8149, which was the charge of driving while drunk on a street in the town of Anadarko. There was continual bickering between counsel for the defendant and the court, and in the confusion, neither the court nor counsel for the accused apparently

noticed that the proof introduced pertained to case No. 8149. However, after the evidence was all closed and verdict rendered, it was noticed for the first time by counsel for defendant, who filed a motion for new trial on the ground of variance, and on the further ground of irregularity in the proceedings, which prevented defendant from having a fair trial. The court then made an order transferring all of the files and records and proceedings in case No. 8149 to case No. 8099, and transferred the files in case 8099 to case 8149.

There are many allegations of error, none of which should appear in a retrial of the case as they all are directed at the failure of the court to grant a motion for continuance or are directed to the confused state of the record. Many charges and countercharges between the trial court and counsel for accused appear in the record.

By provisions of statute, 20 O.S. 1951 § 47, as amended by Laws 1953, p. 56, Senate Bill 450, § 2, 20 O.S. Supp. § 47, the Criminal Court of Appeals may dispose of any case by a memorandum opinion without detailing the questions of law and fact involved. This case appears to be one where such short form of opinion should be adopted.

It is therefore ordered that the judgment and sentence of the county court of Caddo county is reversed and the cause is remanded for a new trial.

POWELL, P. J., and BRETT, J., concur.