## ADDINGTON v. STATE.

### No. A–11916.

Criminal Court of Appeals of Oklahoma.
March 31, 1954.

Elmore A. Page, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error J. R. Addington, defendant below, was charged in the court of common pleas of Tulsa county, Oklahoma, by information with having committed the offense of unlawful possession of intoxicating liquors, Title 37 O.S.1951 § 31. The alleged offense occurred on the 17th day of September 1952 in the aforesaid county. A jury was waived; the defendant was tried by the court, convicted, his punishment fixed at a $50 fine and 30 days in jail; judgment and sentence entered accordingly and from which this appeal has been perfected.

The first contention of the defendant is that the trial court erred in not sustaining his motion to suppress the evidence, for the reason that the affidavit on which the warrant was issued was insufficient to support the issuance of the search warrant. In presenting the motion to suppress the evidence he submitted the affidavit for search warrant. This affidavit

discloses that it was positive in its nature and was positive in its allegations to the effect that the defendant was in unlawful possession of certain intoxicating liquors described as wine, whiskey, beer and other spirituous liquors, that the said liquors were kept for the purpose of and with intent to violate the laws of the state of Oklahoma, and for the purpose of selling said liquors, and that the place where the said liquors was kept was a place of public resort, and that the affiant had seen numerous persons in the whiskey business come in and out of said place at all hours of the day and night. The defendant's contention that the allegation in the affidavit with reference to the establishment being a place of public resort was untrue, and that the information was predicated upon information and belief. Under the facts as alleged in the affidavit and their positive nature, this contention is without merit. In Le Blanc v. State, Okl.Cr., 245 P.2d 134, 135, this court said:

"Where an affidavit to procure a search warrant is in positive terms, one will not be permitted to go behind the affidavit and show the officers did not have sufficient knowledge of the charges alleged in the affidavit."

Hughes v. State, 85 Okl.Cr. 25, 184 P.2d 625, and numerous cases to the same effect cited at page 27 of the Oklahoma Criminal Reports, at page 627 of 184 P.2d.

The defendant further contends that the affidavit for search warrant is on printed form and is therefore insufficient. This contention has likewise been resolved against the defendant. In Griffin v. State, Okl.Cr., 246 P.2d 424, 425, this court said:

"The fact that an affidavit for a search warrant is in the main based upon allegations in a printed form, does not invalidate a warrant based thereon if there are sufficient evidentiary facts set forth in the affidavit to justify the magistrate in concluding that there was probable cause for issuing the warrant."

The final contention of the defendant is that the evidence is insufficient to sustain the judgment of conviction. The defendant only offered one witness in his own behalf in the case on the merits, one Harriet Kelly, who stated she was rooming at the home of the defendant. She denied that the whiskey belonged to her. The defendant did not testify in his own behalf. He was in possession of 6 pints of Old Forrester and 2 ⅕ of a gallon of Old Forrester tax paid whiskey and 3 ⅕ of a gallon of Gilbey's Gin. Mrs. Kelly testified they had it for their own use. The facts involved in the case presented a question for the determination of the jury. The evidence was entirely sufficient to sustain the jury's verdict. This court has held many times that even a sharp conflict in the evidence presents a question of fact for the sole determination of the jury and where the evidence reasonably tends to support the jury's finding this court will not interfere with the jury's verdict. Staley v. State, Okl.Cr., 264 P.2d 387; Holman v. State, Okl.Cr., 262 P.2d 456; Sadler v. State, 84 Okl.Cr. 97, 179 P.2d 479. For all the above and foregoing reasons the judgment and sentence herein is accordingly affirmed.

POWELL, P. J., and JONES, J, concur.