**Lewis E. BERRY, Plaintiff In Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

No. A–12525.

Criminal Court of Appeals of Oklahoma.

Nov. 20, 1957.

Rehearing Denied Jan. 29, 1958.

Thomas G. Hanlon, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

The plaintiff in error, Lewis E. Berry, was charged by information in the court of common pleas of Tulsa County with unlawful possession of intoxicating liquor. Defendant filed a motion to suppress, and it was stipulated that the evidence on that hearing might be considered as the evidence in the trial. The defendant testified only to the fact that his address in Tulsa: 5201 South Utica Street, was actually located outside the city of Tulsa.

The State called Deputy Sheriff William L. Bliss, who testified to searching defendant's home under authority of a search warrant, and finding the quantity of whiskey set out in the information.

True copy of the affidavit for search warrant, and of the search warrant were by stipulation introduced and received in evidence. The affidavit was on a printed form.

The court found the defendant guilty as charged, and fixed his punishment at a fine of $100, and thirty days confinement in the Tulsa County jail.

The only ground for reversal is that the affidavit for search warrant was on a printed form, though filled in to list the name of appellant and to give his address.

While we have a number of times said that the affiant should strike from a printed form of an affidavit for search warrant any allegations not applicable to the particular case, and add others peculiar to the case at hand, nevertheless where the allegations are sufficient to meet the requirements of the statute, though by printed form, objections to the sufficiency of the affidavit should be overruled. Addington v. State, Okl.Cr., 268 P.2d 912.

We find the affidavit for search warrant and the search warrant sufficient to support the court's action in overruling the motion to suppress, and the evidence sufficient to support the judgment rendered.

Judgment affirmed.

BRETT, P. J., and NIX, J., concur.