**J. B. LANE, Plaintiff in Error,**

**v.**

**STATE of Oklahoma, Defendant in Error.**

**No. A–12870.**

Court of Criminal Appeals of Oklahoma.

Nov. 30, 1960.

George L. Hill, McAlester, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

J. B. Lane, plaintiff in error, hereinafter referred to as defendant, was charged by information filed in the county court of Pittsburg County with the crime of operating a motor vehicle on a public highway while under the influence of intoxicating liquor, was tried before a jury, convicted, and his punishment fixed by the jury at a fine of $10 and confinement in the county jail for ten days.

Appeal has been perfected to this Court.

Counsel has filed brief, and argued the case orally. We have carefully read the testimony and the instructions of the court to the jury, none of which were excepted to. Defendant was shown to be a' substantial citizen of Pittsburg County, having a good reputation, but was addicted to drinking at times. All of this, no doubt, was weighed carefully by the jury as

attested by the very minimum sentence imposed.

There was a very close question as to the right of the arresting officer to stop the defendant in the first instance. Defendant was driving a Ford pick-up, loaded with watermelons, going south along U. S. Highway 69. He was driving very slowly, and a number of cars were back of him. Officer Roy McIntosh said defendant was doing quite a bit of weaving. Witness was driving north. The officer stopped defendant north of Canadian a little ways to investigate the trouble. He found defendant under the influence of intoxicants. This conclusion of the arresting officer was corroborated by Officer W. R. Livingston, who transported the defendant back to McAlester, and of the Pittsburg County jailor, Chris LeFlore.

The defense claimed that the highway was rough, and that fact, together with the heavy load of watermelons on a light pick-up, accounted for the weaving. All this, under the record in the case, was for the consideration of the jury, a motion to suppress not being involved.

As this Court has so many times said, where there is competent evidence in the record from which the jury could reasonably have concluded that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, although there may be a sharp conflict in the evidence, and different inferences might be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See Staley v. State, 97 Okl.Cr. 394, 264 P.2d 387, and cases cited.

We are not called upon to further detail the evidence. 20 O.S.1951 § 47, as amended by laws 1953, p. 56, S.B. 450, § 2, 20 O.S.Supp. § 47; Pingleton v. State, 97 Okl.Cr. 323, 262 P.2d 911.

Judgment affirmed.

BRETT, J., concurs.

NIX, J., not participating.