James Wesley McMURRAY, Plaintiff In Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12965.

Court of Criminal Appeals of Oklahoma.

Jan. 4, 1961.

Rehearing Denied June 7, 1961.

Thomas D. Frasier, Thomas G. Hanlon, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

James Wesley McMurray and David E. Hudiburg were charged jointly in the district court of Payne County with the crime of burglary in the second degree. Prior to trial Hudiburg moved for a severance, which was granted. Trial of McMurray before a jury proceeded on February 18, 1960. He was found guilty, but the jury being unable to agree as to the amount of punishment to be assessed, left that to the court, who assessed a penalty of five years confinement in the State Penitentiary at McAlester.

Appeal has been perfected to this Court by counsel other than trial counsel. The errors for reversal set out in motion for new trial and petition in error are not urged. Counsel now pleads for a modification of sentence, pointing out that McMurray, hereinafter referred to as defendant, had no previous criminal record. We have read the testimony of the many witnesses and the record as a whole. Under the situation, then, we shall make only a brief statement of the evidence developed. 20 O.S.1951 § 47; Pingleton v. State, 97 Okl.Cr. 323, 262 P.2d 911.

On the morning of September 25, 1959 at around 3:30 two members of the Cushing police department were making their rounds and found a door to the L & K Pharmacy ajar. The L & K Pharmacy is at 1017 East Cherry, Cushing. The owners of the pharmacy were called and it was discovered that the firm had been burglarized and, among other things, a safe containing over $700 in silver and paper money was gone. The safe also contained some small checks that had been cashed, and a quantity of narcotics.

The police began a systematic search, and by radio notified other officers. Some time later they discovered an abandoned two-tone dark green-over-light-brown Buick automobile with license plate 20-307. Around the car they found tracks of a person with a rib or bar running across the sole of his shoe, and after check it was found that similar prints were outside the L & K Pharmacy. The car was found several miles away on a country road. In the car was some wearing apparel with the initials "McM" stamped on them.

At an abandoned farm house some miles from Cushing the safe from the L & K Pharmacy was located and in the vicinity were shoe prints with the rib across them.

Officers had fanned out from the place where the Buick was discovered and from where the safe was discovered, looking for footprints similar to those discovered as heretofore recounted, and the defendant and another person were discovered squatting in some underbrush, and when the officers began investigation they ran. The officers shot into the air and then in the ground and succeeded in stopping defendant though his companion got away. The defendant was wearing shoes with a rib across the soles. And although some silver coins had been discovered near the Buick and around the safe where narcotics were discovered on the ground, none of the stolen money was discovered on defendant.

On trial defendant attempted through a man and woman to establish an alibi. They said that he was in a car with them, drinking whiskey and shooting rabbits during the night by car headlights, and although it was raining hard, that when defendant put his gun in the car and went out to retrieve a rabbit, they left him as a joke, and when they returned for defendant could not find him. The jury did not believe the story, and found defendant guilty. That was the responsibility of the jury. Ryan v. State, 97 Okl.Cr. 119, 258 P.2d 1208.

The punishment on conviction of burglary in the second degree is seven years as a

maximum, or two years as a minimum. 21 O.S.1951 § 1436 subd. 2. The jury could not agree on the extent of the punishment— the trial court said five years. By reason of the evidence being strictly circumstantial and defendant having no previous criminal record, we believe that justice will be subserved by reducing the sentence to four years.

The judgment as so modified is affirmed.

NIX and BRETT, JJ., concur.