H. R. MOORE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14157.

Court of Criminal Appeals of Oklahoma.

Feb. 22, 1967.

Alfred K. Hambrick, Oklahoma City, for plaintiff in error.

H. C. Cooper, Asst. Dist. Atty., Oklahoma County, for defendant in error.

NIX, Presiding Judge.

Plaintiff in Error, H. R. Moore, hereinafter referred to as defendant, was charged by information in the District Court of Oklahoma County with the crime of Embezzlement. He was tried by a jury, found guilty, and sentenced to Five Years in the penitentiary. From that judgment and sentence he has appealed to this Court.

This cause was filed on December 20, 1966, and a brief from defendant was due within Thirty days or by January 20, 1967. None was filed, no extension applied for, and this cause was summarily submitted in accordance with Rules 6 and 9 of the Court of Criminal Appeals, 22 O.S.A. c. 18, Appendix, to be examined for fundamental error only. See, Ashby v. State, Okl.Cr., 406 P.2d 1007, wherein this Court stated:

"Where the defendant appeals from a judgment of conviction and no briefs are filed in support of the petition in error, this Court will examine the records only for fundamental error."

And, further, in Fryar v. State, Okl.Cr., 385 P.2d 818:

"It is necessary for counsel for plaintiff in error not only to assert error, but to

support his contentions by both argument and the citation of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, [Court of Criminal Appeals] will not search the books for authorities to support the mere assertion that the trial court has erred."

After a careful examination of the record, we are of the opinion that the defendant was afforded a fair trial, that there is no fundamental error, and that the evidence is sufficient to support the verdict of the jury.

The only complaint that defendant seemed to raise at the Motion for New Trial, at pg. 122a of the casemade, is that there was an improper remark during the closing argument of the Assistant County Attorney, H. C. Cooper.

[5, 6] From the statement of the trial judge, there was an objection at the time, and the jury was admonished to disregard the statement. However, the closing arguments of either the county attorney or defense counsel are not recorded in the casemade; and this Court has repeatedly held that alleged improper remarks by prosecuting attorney will not be considered on appeal where the record does not set forth the alleged improper argument. See, Staley v. State, 97 Okl.Cr. 394, 264 P.2d 387, written by the Honorable John A. Brett.

And, further, in Cook v. State, Okl.Cr., 367 P.2d 730:

"Ordinarily, error cannot be predicated on mere unexplained excerpts from remarks of counsel to jury, but enough must appear of record to advise appellate court of what preceded alleged objectionable remarks and their meaning to be deducted from the context, and whether or not they were invited or provoked by remarks made by opposing counsel."

It is, therefore, the opinion of this Court that the judgment and sentence should be, and the same is, affirmed.

BUSSEY and BRETT, JJ., concur.