**Leslie Morris BAKER, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A-14214.**

Court of Criminal Appeals of Oklahoma.

Nov. 8, 1967.

Rehearing Denied Dec. 7, 1967.

Carpenter Hughes, Altus, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Jerry H. Holland, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge.

Plaintiff in Error, Leslie Morris Baker, hereinafter referred to as the defendant, was charged by information in the District Court of Jackson County, Oklahoma, with the crime of Assault with Intent to Kill. He was tried before a jury, found guilty, and his punishment assessed at Ten Years in the

penitentiary. From that judgment and sentence he has appealed to this Court.

It is noted that ten assignments of error are listed in the brief—only six were contained in the motion for new trial, numbers three and eight being excluded. And, numbers five and six being one and the same. However, it is very difficult for this Court to discuss these assignments of error remaining, as the brief of plaintiff in error does not discuss them separately, nor cite any case-law to support them. In 72 pages of the defendant's brief, there are 69 pages of testimony from the casemade, and only 3 and ½ pages are in any manner a vague discussion of the assignments of error. Only one case (Edwards v. State, 58 Okl. Cr. 15, 48 P.2d 1087) is cited as a general statement of law that the defendant did not receive a fair and impartial trial.[1] There is no comparison between the Edwards case, supra, and the case at bar.

■ This Court has repeatedly stated, as in the recent case of Washington v. State, Okl.Cr., 427 P.2d 115, that:

"It is necessary for counsel for plaintiff in error not only to assert error, but to support his contentions by both argument and the citation of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this Court of Criminal Appeals will not search the books for authorities to support the mere assertion that the trial court has erred."

See also, Moore v. State, Okl.Cr., 424 P.2d 431; Hudson v. State, Okl.Cr., 424 P.2d 97; and, Fryar v. State, Okl.Cr., 385 P.2d 818.

This Court has carefully reviewed the record in this case. We have examined the information, the instructions, and the evidence presented. We have examined the authorities presented by the Assistant Attorney General, and find they are sufficient to overcome any presumption of error contained in the allegations of defendant.

■ It is, therefore, the opinion of this Court that there was sufficient evidence to support the jury's verdict, and that the sentence was not excessive under the facts of this case.

The judgment and sentence is, accordingly, affirmed.

BUSSEY and BRETT, JJ., concur.

---

[1] This well-known and much cited case consisted of a murder trial in which the accused was a penitentiary inmate. The evidence in that case was not only conflicting but the connection between death of the alleged victim and the knifing was somewhat questionable.