**Glen JEREMIAH, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17420.**

Court of Criminal Appeals of Oklahoma.

Oct. 18, 1972.

Rehearing Denied Jan. 3, 1973.

R. O. Ingle, Sallisaw, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Amy Hodgins, Legal Intern, for appellee.

OPINION

BRETT, Judge.

Appellant, Glen Jeremiah, hereinafter referred to as defendant, was convicted in the District Court of Sequoyah County, Case No. CRF 70-150, of grand larceny, and sentenced to two years imprisonment. Judgment and sentence was imposed on March 21, 1972, and his appeal perfected therefrom.

It was charged by information that on October 4, 1970, the defendant and two other men committed the offense of grand larceny by stealing a deep-well pump and skill saw, valued at over $20.00, without the consent of the owner. On April 21, 1971, the defendant while represented by counsel, Jim Jones, entered a plea of guilty to the charge. At that time, upon the recommendation of the district attorney, sen·· tence was deferred until April 21, 1973. In deferring sentence the trial court carefully advised the defendant that until April 21, 1973, he was on probation and should report monthly to the district attorney, and that if he violated any State law or City law, or associated with criminals, that his

deferred sentencing date would be accelerated and he would thereupon be incarcerated.

On March 21, 1972, a hearing was held in the District Court of Sequoyah County, upon the application of the district attorney, to accelerate defendant's deferred sentencing date, alleging that the defendant had violated the terms of his probation. At this hearing defendant was represented by counsel, Fred D. Green. For the State two witnesses testified that the defendant failed to appear for a court hearing on December 13, 1971, which resulted in defendant's bond forfeiture and a bench warrant issued for his arrest. Defendant was apprehended in California and returned to Oklahoma by his bondsman and a deputy sheriff. The State further offered the testimony of two highway patrolmen who established that on September 14, 1971, the defendant was arrested for actual physical control of a motor vehicle while intoxicated, and that on another occasion, approximately the 1st of December, 1971, defendant was arrested for public intoxication. The officers testified that the defendant was given a breathalyzer test after his arrest on September 14, 1971, and the test indicated blood alcohol content at .26. The defendant testified and denied that he had been intoxicated on these two occasions, and further claimed that he had been given permission to leave Oklahoma for California. After hearing the evidence the trial court found that the defendant had violated the terms of his probation and thereupon sentenced defendant to two years imprisonment.

■ On appeal defendant alleges that the trial court erred in not vacating the plea of guilty, that the trial judge who granted the motion to accelerate should have been disqualified since he was the judge who accepted the plea of guilty and placed defendant on deferred sentence, that defendant did not understand his status on a deferred sentence, that the court erred in vacating deferred sentence, and that the judgment is not sustained by the evidence. Defense counsel does little in the way of supporting these allegations with authorities or argument. It is necessary for counsel for appellant not only to assert error, but to support his contention by both argument and citation of authorities, and where such is not done, and it is apparent that appellant has been deprived of no fundamental rights, this Court will not search for authorities to support mere assertion that the trial court has erred. Baker v. State, Okl.Cr., 433 P.2d 853 (1967).

■ We are satisfied from a complete review of the record that on April 21, 1971, that the defendant, while assisted by counsel, voluntarily and intelligently entered a plea of guilty to the charge. The record affirmatively shows that the trial court at that time, in detail, advised the defendant as to the terms of his probation while the sentencing date was deferred. Defendant was advised that he was to report monthly to the district attorney, and further that any violation of a State or City law would be grounds to accelerate the sentencing date and result in his incarceration. Defendant, while represented by counsel in open court, acknowledged the terms of his probation.

■ Further review of the record indicates that at the March 21, 1972 hearing the trial court had before it competent evidence that the defendant had violated the terms of his probation. Evidence of defendant's intoxication on two separate occasions, regardless of whether he was convicted of intoxication, is grounds to revoke probation. See Brown v. State, Okl.Cr., 494 P.2d 344. There was competent evidence of defendant's intoxication, which constitutes ground to accelerate sentencing, notwithstanding that there had been no adjudication or conviction for such intoxication. See Carson v. State, Okl.Cr., 493 P.2d 1397 (1972). In addition there was competent evidence that defendant failed to make a court appearance and had to be

apprehended out of state by his bondsman and a deputy sheriff. The evidence before the trial court was competent and supported his judgment that defendant had violated the terms of his probation and that the deferred sentencing date should be accelerated.

Title 22 O.S.1971, § 991c provides that upon a verdict or plea of guilty the court may defer further proceedings and place the defendant on probation. Upon the violation of the conditions of the probation the court may enter a judgment of guilt and proceed to sentence the defendant as provided in 22 O.S.1971, § 991a. Section 991a provides, among other alternatives, that the court shall commit such person for confinement as provided by law. This procedure was followed in the instant case. Finding that the trial court acted on competent evidence, and finding no irregularities in the proceedings, we conclude that the judgment and sentence should, and the same is hereby, affirmed.

BUSSEY, P. J., concurs.