**Richard Wayne TUBBS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–18036.**

Court of Criminal Appeals of Oklahoma.

July 18, 1973.

Heskett & Heskett, Elam J. Raymond, Pawhuska, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Kenneth L. Delashaw, Jr., Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Richard Wayne Tubbs, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Cherokee County, Case No. CRF–72–77, for the offense of Unlawful Delivery of Controlled Drugs, his punishment was fixed at two (2) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Because this cause must be reversed, we do not deem it necessary to recite a detailed statement of facts. The evidence on behalf of the State adduced that on April 7, 1972, the defendant and codefendant, John Reid, III, sold five tinfoil packets of codeine to Marvin Crabtree, an undercover

police officer. Codefendant Reid testified that the transaction did not take place and that he did not even know the defendant until after they were both arrested and charged jointly. The defendant testified that at the time of the alleged sale he was with Kathy Cunningham watching television.

The first proposition asserts that the court erred in refusing to allow an alibi witness to testify on the grounds that the defendant failed to give notice as provided for in 22 O.S.1971, § 585. Defendant attempted to call as a witness Kathy Cunningham Seegar to establish his alibi. The trial court refused to allow the witness to testify when it was established that the defendant's attorney had knowledge of the existence of 22 O.S.1971, § 585 prior to trial and failed to give the statutory notice to the district attorney. In Connery v. State, Okl.Cr., 499 P.2d 462 we stated:

"We therefore hold, under the provisions of 22 O.S.1971, § 585, the filing of an alibi notice is not mandatory; but in the absence thereof, on motion of the prosecutor, the court may grant a postponement of trial to permit the prosecutor to investigate the facts in relation to the alibi witness' evidence. In the event the court denies the continuance, if the evidence is otherwise admissible it shall be permitted to go to the jury."

 In the instant case the trial court in denying the admissibility of the witness' testimony stated:

"THE COURT: Well, I just don't agree with it I don't believe that you can sit idly by and say, 'We're going to slip in there on this District Attorney—' . . .—and then when we're right in the middle of the trial come in and say, 'Well, now, you're just—you're going to have to stop everything and you're going to have to discommode this Jury and you're going to have to come back here next week' and all this stuff. You've just missed the bet as far as I'm concerned." (Tr. 222)

We concur with the trial court's finding that the defendant's announcement of alibi defense in the middle of the trial does not contribute to the orderly administration of justice. The trial court was obviously concerned with the consequences of holding the jury for an additional five days to permit the district attorney to investigate defendant's alibi. Should such practices continue with noncompliance with 22 O.S.1971, § 585, this Court would be inclined to re-examine our holding in *Connery*, supra, that the filing of an alibi notice is not mandatory. In discussing Florida's notice of alibi rule in Williams v. Florida, 399 U. S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446, the United States Supreme Court stated:

"We need not linger over the suggestion that the discovery permitted the State against petitioner in this case deprived him of 'due process' or a 'fair trial'. Florida law provides for liberal discovery by the defendant against the State, and the notice-of-alibi rule is itself carefully hedged with reciprocal duties requiring state disclosure to the defendant. Given the ease with which an alibi can be fabricated, the State's interest in protecting itself against an eleventh-hour defense is both obvious and legitimate. Reflecting this interest, notice-of-alibi provisions, dating at least from 1927, are now in existence in a substantial number of states. The adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played. We find ample room in that system, at least as far as 'due process' is concerned, for the instant Florida rule, which is designed to enhance the search for truth in the criminal trial by insuring both the defendant and the State ample opportunity to investigate certain facts crucial to the determination of guilt or innocence."

This cause is accordingly reversed and remanded for a new trial. The trial court's attention is called to Staley v. State, 97

Okl.Cr. 394, 264 P.2d 387, concerning alibi instruction.

BRETT, J., specially concurring.

BLISS, P. J., not participating.

BRETT, Judge (specially concurring):

I concur with this decision except for the statement concerning the possible re-examination of this Court's holding in Connery v. State, supra. This situation arises infrequently, but when it does, if the facts warrant such continuance, I believe the continuance should be granted. Otherwise, I concur with this decision.